IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| AVIDAN MACAL JUAREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02092-SHL-tmp |
| | ) | |
| WARDEN C. HARRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING § 2241 PETITION WITH PREJUDICE,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Avidan Macal Juarez, an inmate at the Federal Correctional Institution in Memphis, Tennessee, Bureau of Prisons ("BOP") register number 17350-104. (ECF No. 2.) Respondent Warden C. Harrison filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). (ECF No. 7.) Petitioner did not file a response, and the time to do so has expired.

For the reasons that follow, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the § 2241 Petition for failure to state a claim to relief.

## BACKGROUND

Juarez pleaded guilty in 2018 to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b). (*United States v. Juarez,* No. 4:18-cr-10011-JEM (S.D. Fla. May

14, 2018), ECF Cr. No. 25.)  He was sentenced to 120 months of imprisonment, followed by a 5-year term of supervised release.  (ECF Cr. No. 56.)

Juarez filed the instant § 2241 Petition on January 28, 2025, alleging that the BOP has wrongfully deemed him ineligible for First Step Act ("FSA") earned time credits.  (*See* ECF No. 2 at PageID 2.)  The Court ordered Respondent to respond.  (ECF No. 6.)  On July 31, 2025, Harrison filed a Motion to Dismiss the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 7.)  Harrison argues that the § 2241 Petition should be dismissed because Juarez is statutorily ineligible to earn FSA earned time credits because he is subject to a final order of removal.[2]  (*Id*. at PageID 11.)  Harrison's motion is supported by the declaration of Robin Eads, a paralegal for the BOP's Consolidated Legal Center with access to official records for BOP inmates, including Petitioner's SENTRY Report and a copy of Petitioner's immigration detainer, which are also attached.[3]  (ECF Nos. 7-1, 7-2, 7-3.)

## LEGAL STANDARDS

A claim may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*

---

[1] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Respondent does not challenge Petitioner's assertion in his § 2241 Petition that he has exhausted his administrative remedies.  (*See* ECF No. 2 at PageID 3.)  Respondent concedes that Petitioner "properly filed and exhausted all available administrative remedies regarding his eligibility for FSA time credits."  (ECF No. 7 at PageID 12.)

[3] According to Eads' declaration, SENTRY is "a computer database that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information."  (ECF No. 7-1 at PageID 16.)

*v. Twombly*, 550 U.S. 544, 570 (2007). When considering such a motion to dismiss, the court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss. *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

A writ of habeas corpus under § 2241 should be issued when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Juarez alleges that he "earned a year's worth of [FSA] time credits that [were] revoked" by the BOP in violation of his Due Process rights. (ECF No. 2 at PageID 3.) He maintains that he "would have already been released if his earned [FSA] credits [had not been] revoked." (*Id.*)

The FSA allows eligible federal prisoners to earn time credits towards pre-release custody or supervised release for successfully completing "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4). However, the FSA excludes a

3

prisoner from earning times credits "if the prisoner is the subject of a final order of removal under any provision of the immigration laws." § 3632(d)(4)(E)(i).

The Department of Homeland Security submitted an immigration detainer for Juarez, dated July 11, 2024. (ECF No. 7-3 at PageID 21.) The detainer shows that he is subject to a final order of removal. (ECF No. 7-3 at PageID 21-22.) Based on the plain language of § 3632(d)(4)(E)(i), Juarez is ineligible for earned FSA time credits because he is subject to a final order of removal. *See Nycklass v. Healy*, No. 4:23-CV-2166, 2024 WL 1054408, at *2 (N.D. Ohio Feb. 15, 2024) (denying § 2241 petition challenging denial of earned time credits under FSA where petitioner was subject to final order of removal).

Accordingly, Harrison's Motion to Dismiss (ECF No. 7) is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

## APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an

appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Juarez leave to appeal *in forma pauperis*.

**IT IS SO ORDERED** this 27th day of January, 2026.

                                         s/ Sheryl H. Lipman
                                         SHERYL H. LIPMAN
                                         CHIEF UNITED STATES DISTRICT JUDGE